UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL ALEJANDRO URBINA OVALLES,

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-05892-KES-HBK (HC)

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE

(Doc. 6)

Pending before the Court is Petitioner's pro se Motion for Appointment of Counsel, filed August 14, 2026. (Doc. 6). Petitioner is an immigration detainee in the custody of U.S. Immigration Customs and Enforcement (ICE) custody at the Central Valley Annex Detention Facility in McFarland, California. He challenges his detention as a violation of his re-detention and continued post-final order detention as violating his due process rights under the Fifth Amendment and seeks release from custody. (Doc. 1).

Petitioner seeks appointed counsel because of the complexity of immigration law and his belief that the Petition has a strong likelihood of success. (Doc. 6 at 2). There is no constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). Under the Criminal Justice Act, 18 U.S.C. § 3006A, however, the Court may appoint counsel for a financially eligible person

seeking relief under § 2241 when "the interests of justice so require." *Id*. at § 3006A(a)(2)(B); see also *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

In determining whether appointment of counsel is warranted, the Court considers petitioner's likelihood of success on the merits and ability to articulate claims pro se in light of the legal issues' complexity. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Appointment is also required if the Court authorizes discovery and counsel is necessary for effective discovery; or if the Court determines that an evidentiary hearing is warranted. *See* Rules 6(a) and 8(c); Rules Governing Section 2254 Cases[1]; *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

On August 10, 2026, Petitioner paid the filing fee (receipt no. 100008138) and otherwise has not demonstrated he is unable to retain counsel. Nonetheless, to better ascertain the basis of Petitioner's detention and evaluate Petitioner's due process claim, the Court directed Respondents to respond to the Petition, but the response is not yet due. At this early stage, the Court cannot conclude that Petitioner has shown a likelihood of success on the merits. Respondents have also been directed to attach any records necessary to resolve the Petition, so it is not yet clear whether discovery or an evidentiary will be required. Although Petitioner cites the complexity of immigration law, he has competently filed a habeas petition that sets out facts and supporting legal authority in a coherent manner. On the present record, the Court does not find that appointment of counsel is necessary to prevent due process violation.

Accordingly, IT IS ORDERED:

Petitioner's Motion for Appointment of Counsel (Doc. 6) is denied without prejudice.

Dated: August 19, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

[1] The Rules governing section 2254 Cases may be applied to habeas petitions other than those brought under § 2254 at the Court's discretion. *See* Rule 1(b).